IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 96-11107
Summary Calendar
_____

TOBY L. WILLIAMS,

                                           Plaintiff-Appellant,

versus

WAYNE SCOTT, DIRECTOR,
TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
INSTITUTIONAL DIVISION, et al.

                                           Defendants-Appellees.

- - - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
(95-CV-15-C)
- - - - - - - - - - -
November 12, 1998

Before JOLLY, SMITH, and WIENER, Circuit Judges.

PER CURIAM:[*]

     Plaintiff-Appellant Toby L. Williams appeals from the district court's grant of a judgment as a matter of law for the defendants on his civil rights claims.  Williams has abandoned any issues pertaining to the district court's grant of summary judgment for Cole by failing to address that matter in the appellate brief he filed with this court.  See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993).

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Williams argues that the district court erred in granting the defendants' motion for a judgment as a matter of law on his deliberate-indifference-to-serious-medical-needs and retaliation claims. He contends that the district court abused its discretion in refusing to issue writs of habeas corpus ad testificandum and subpoenas and in denying his motion for the appointment of counsel. He also contends that the district court abused its discretion in purportedly imposing sanctions on him in the form of loss of good-time credits for filing a frivolous lawsuit.

The district court did not err in granting the defendants' motion for a judgment as a matter of law under Fed. R. Civ. P. 50. No evidence suggests that the defendants were deliberately indifferent to Williams' health or safety. See Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991); Wilson v. Seiter, 501 U.S. 294, 303 (1991). Further, no evidence was introduced supporting Williams's claim of retaliation beyond his testimony of his own "personal belief that he is the victim of retaliation." See Johnson v. Rodriquez, 110 F.3d 299, 310 (5th Cir.) (citation omitted), cert. denied, 118 S. Ct. 559 (1997).

The district court did not abuse its discretion in denying Williams's motions for the issuance of writs of habeas corpus ad testificandum and subpoenas because Williams did not indicate in the motions the nature of the testimony sought. See Ballard v. Spradley, 557 F.2d 476, 480 (5th Cir. 1977); Cupit v. Jones, 835 F.2d 82, 86 (5th Cir. 1987). Neither did the district court

abuse its discretion in denying Williams's motion for appointment of counsel.  <u>Ulmer v. Chancellor</u>, 691 F.2d 209, 213 (5th Cir. 1982); <u>see</u> <u>Jackson v. Dallas Police Dept.</u>, 811 F.2d 260, 261-62 (5th Cir. 1986).

Finally, Williams has failed to show that the district court abused its discretion in imposing sanctions under Tex. Gov't Code Ann. § 498.0045.  Williams has provided no support for his contention that he lost good-time credits as a result of filing a frivolous lawsuit; further, under § 498.0045, it is the Texas Department of Corrections, not the federal district court, that imposes sanctions for the filing of a frivolous lawsuit. AFFIRMED.